## S. S. POTTER *v.* R. T. YOUNG.

**Evidence—Parol—Time of Issuance of Restraining Order.**

Parol evidence is not admissible to show that a restraining order signed by the special judge was signed on a date other than that on which he presided.

### APPEAL FROM WARREN CIRCUIT COURT.

January 23, 1873.

OPINION BY JUDGE PRYOR:

The petition upon which the injunction was obtained restraining the collection of the judgment against the appellant shows that it was rendered during a regular term of the Warren Circuit Court by a special judge elected and qualified as provided by law.

No fraud is alleged with reference to the judgment, or the proceeding under which it was obtained. The record also shows that the signature of the judge is annexed to the orders of the court made on the day the judgment was rendered. He was then clothed with judicial power, and parol proof will not be permitted to destroy the verity of such a record by showing that the judge in fact signed the order on some other day than that on which he presided. Blackstone says: "That a court of record is that where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony, and are of such high and supereminent authority that their truth is not to be called in question." To this rule there are exceptions, as where a judgment has been obtained by fraud, but record evidence would constitute but little protection to litigants if permitted to be attacked by reason of the judge failing to sign them on the day, or have them read over in accordance with a statute when properly construed is merely directory.

The judgment sustaining the demurrer is *affirmed*.

*Gorin*, for appellant.

*Rodes & Clark*, for appellee.